UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lori L. Eads,

        Plaintiff,              **MEMORANDUM OPINION AND ORDER**

v.                                 Civil No. 05-1590 ADM/FLN

Jo Anne B. Barnhart,
Commissioner of Social Security,

        Defendant.

_____

Edward C. Olson, Esq., Minneapolis, MN, for and on behalf of Plaintiff.

Lonnie F. Bryan, Esq., Assistant United States Attorney, Minneapolis, MN, for and on behalf of Defendant.

_____

This matter is before the undersigned United States District Judge pursuant to Defendant Jo Anne B. Barnhart, Commissioner of Social Security's, ("Defendant") Objections [Docket No. 28] to Magistrate Judge Franklin L. Noel's Report and Recommendation ("R&R") [Docket No. 27] of August 18, 2006. In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. The relevant facts as well as the applicable law are accurately and comprehensively stated by Judge Noel in his R&R, and are incorporated here by reference.

In his R&R, Judge Noel recommends that both Plaintiff Lori L. Eads' ("Eads") and Defendant's Motions for Summary Judgment [Docket Nos. 14, 17] be denied, and the case be remanded to the Commissioner of Social Security for further proceedings consistent with the R&R. Defendant objects, arguing that Judge Noel improperly rejected the Administrative Law

Judge's ("ALJ") finding that the severity of Eads' depression is significantly related to the severity of her fibromyalgia.  Defendant further argues that the ALJ correctly accorded no controlling weight to the opinion of Eads' treating physician, Dr. Dashiell, because it is not supported by medically acceptable clinical and laboratory diagnostic techniques, or by the opinions of other examining doctors.

"A treating physician's opinion is given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence."  Reed v. Barnhart, 399 F.3d 917, 920 (8th Cir. 2005).  The Eighth Circuit has "upheld an ALJ's decision to discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions."  Id. at 920-21.  Whatever weight an ALJ decides to give a treating physician's opinion, the ALJ must always state "good reasons" for his decision.  Id. at 921.

In this case, the ALJ failed to give "good reasons" for discounting Dr. Dashiell's opinion.  See ALJ Decision (Admin. R. [Docket No. 9]) at 23-33.  It appears that the ALJ did not give Dr. Dashiell's opinion controlling weight because the ALJ believed Dr. Dashiell's opinion was not well-supported by objective findings and because Eads' fibromyalgia was linked to her depression, which had allegedly improved.  Id. at 30-31.  However, in his Residual Functional Capacity ("RFC") Questionnaire, Dr. Dashiell states that his opinion is supported by clinical findings, including extreme fatigue, depression, and multiple tender areas/trigger points.  RFC Questionnaire (Admin. R.) at 293.  Such findings often constitute the most objective evidence possible to support the diagnosis of fibromyalgia, a largely subjective disease.  See Johnson v.

Metro. Life Ins. Co., 437 F.3d 809, 814 (8th Cir. 2006) (noting that trigger-point findings consistent with fibromyalgia constitute objective evidence of the disease). In addition, while other examining doctors note that Eads' fibromyalgia and depression are related, none of the other examining doctors dispute Dr. Dashiell's diagnosis of fibromyalgia, or state that a *causal* relationship exists between Eads' depression and fibromyalgia. Doctors' reports (Admin. R.) at 235-36, 264-66, 306-08. The ALJ also stated that he did not give Dr. Dashiell's opinion controlling weight because Eads did not meet the 12-month durational requirement for a finding of disability. ALJ Decision at 31. However, there is no evidence in the record to support this perfunctory statement, and it is directly contradicted by Dr. Dashiell's assessment that Eads' fibromyalgia has lasted or can be expected to last at least twelve months. RFC Questionnaire at 293.

In this case, the ALJ determined in part, based on some examining doctors' opinions that Eads' fibromyalgia and depression are related, and based on some evidence that Eads' depression had improved in the past, that Eads is not disabled. However, the Eighth Circuit has stated that "[a]n administrative law judge may not draw upon his own inferences from medical reports," and if questions remain, the ALJ is required to further develop the record by seeking opinions from the claimant's treating physicians, or, in the alternative, ordering consultative examinations. Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000). In addition, the Eighth Circuit has "repeatedly stated that a person's ability to engage in personal activities such as cooking, cleaning or a hobby does not constitute substantial evidence that [she] has the functional capacity to engage in substantial gainful activity." Singh v. Apfel, 222 F.3d 448, 453 (8th Cir. 2000). As a result, Defendant's Objections are overruled and Judge Noel's R&R is

adopted. The ALJ's decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this Order and the R&R.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 27] is **ADOPTED**;

2. Defendant's Objections [Docket No. 28] are **OVERRULED**;

3. Plaintiff's Motion for Summary Judgment [Docket No. 14] is **DENIED**;

4. Defendant's Motion for Summary Judgment [Docket No. 17] is **DENIED**; and

5. This case is **REMANDED** to the Commissioner of Social Security for further proceedings consistent with this Order and Magistrate Judge Noel's R&R.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 21, 2006.